**Michael McENIRY, Plaintiff–Appellant,**

v.

**COMMISSIONER OF the SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

No. 99–36087.

D.C. No. CV–99–00068–ALA.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2001.**

Decided March 8, 2001.

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before T.G. NELSON, GRABER, and RAWLINSON, Circuit Judges.

## MEMORANDUM*

Claimant Michael McEniry filed an application for disability benefits for the period between April 15, 1989, and June 30, 1991. An Administrative Law Judge (ALJ) denied the application after a hearing. Claimant sought judicial review in the district court, which affirmed the ALJ's decision. Claimant appeals. On de novo review, we must determine whether the ALJ applied the correct legal standards and whether the ALJ's decision was supported by substantial evidence. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.1999).

■ We agree with the district court that the ALJ provided "clear and convincing" reasons for discounting Claimant's testimony about his symptoms. *Morgan v. Commissioner of the Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir.1999). Viewed in the light of Dr. Greif's report of her 1989 evaluation of Claimant, the contemporaneous reports of other doctors, and Claimant's description of his daily activities during the relevant period, Claimant's testimony at the 1997 hearings was, as the ALJ found, "not entirely credible."

■ We also agree with the district court's conclusion that the ALJ properly gave limited weight to the testimony and affidavits of the lay witnesses. An ALJ may reject the testimony of lay witnesses, but must "give[ ] reasons germane to each witness whose testimony he rejects." *Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir.1996). Here, the ALJ did so and, accordingly, there was no error.

■ Finally, the ALJ's findings that (1) Claimant could return to his past work as a motel operator and (2) Claimant also could work as a small-parts assembler were supported by substantial evidence. The ALJ relied on the testimony of a vocational expert, who testified in response to hypothetical questions that a person of Claimant's age, education, and limitations could perform those jobs. Despite Claimant's argument to the contrary, we conclude that the vocational expert's testimony was sufficient to support a finding that Claimant could return to work as a motel operator. We also conclude that the ALJ's hypothetical questions were appropriate. The discrepancies between the ALJ's hypothetical questions and the hypothetical questions that Claimant proposed simply reflect the fact that the ALJ took a different view of the evidence and testimony in the case than did Claimant. The ALJ's questions were appropriate, and the findings that the ALJ made based on those questions were supported by substantial evidence.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.